**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 09-472-GPM |
| **$21,200 IN UNITED STATES CURRENCY,** | ) |
| **Defendant,** | ) |
| and | ) |
| **RICO RAY,** | ) |
| **Claimant.** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On June 23, 2009, Plaintiff United States of America (the Government) commenced this civil forfeiture action by filing a verified complaint against Defendant $21,200 in United States Currency. Claimant Rico Ray (Ray) filed a claim to Defendant currency on November 18, 2009. After Ray failed to comply with a discovery order, the Court dismissed Ray's claim to the currency. Thereafter, the Clerk of Court entered default against Ray and all interested parties. Ray now moves to vacate the default entered against him, and the Government moves for default judgment and decree for forfeiture.

Ray, who is represented by counsel, repeatedly has failed to comply with discovery deadlines and orders of this Court. He was given an opportunity to show cause why his claim should not be dismissed; he failed to respond to the Order to Show Cause. Ray's motion to set aside does not attempt to explain his failures to comply with the Court's orders but, rather, urges the Court to

consider that he submitted his interrogatory responses before the May 14, 2010, discovery deadline. Ray was ordered to fully respond to the interrogatories, without objection, on or before April 21, 2010 (*see* Doc. 27).  His responses were late, incomplete, and included an objection.  Ray has not shown good cause to set aside the default entered against him.  *See generally* FED. R. CIV. P. 55(c). Likewise, Ray cannot show "mistake, inadvertence, surprise, or excusable neglect" to warrant relief from the order dismissing his claim under Federal Rule of Civil Procedure 60(b).

Moreover, Ray's papers do not suggest that there is a meritorious claim to the Government's complaint for civil forfeiture.  *See, e.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982) (affirming district court's refusal to set aside default where "defendants gave not the slightest indication of any specific defense on the merits" but merely tendered a general denial asserting that they were not liable to plaintiff).[1]  Ray's general assertions that the seized currency "was derived from legitimate and lawful sources" and that he "was not charged with nor arrested for any crime or offense at the time the money was seized" do not present a meritorious claim.

For the foregoing reasons, Ray's motion to vacate and set aside (Doc. 36) is **DENIED**.  The Government's motion for entry of judgment and decree for forfeiture (Doc. 35) is **GRANTED**; the judgment and decree for forfeiture will be entered separately.

**IT IS SO ORDERED.**

DATED:  12/29/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] In *Breuer Electric Manufacturing Company v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982), the Court noted the "weakness of defendants' 'good cause' showing" in addition to the "conclusory nature of their proposed answer."